SAVOY, Judge.
The State of Louisiana through the Department of Highways filed this suit expropriating for highway purposes a portion of defendant’s property located at the northeast corner of Fourth and Scott Streets in Alexandria, Louisiana. Plaintiff deposited $15,966.00 as just compensation for the property expropriated. Defendant filed responsive pleadings alleging the amount deposited was inadequate and seeking an increase in the award for the value of the land taken, as well as severance damages. After trial on the merits, the district court awarded defendant $34,-243.47 plus legal interest and certain costs, subject to a credit for the amount previously paid. From this judgment plaintiff appealed. Defendant did not appeal or answer the appeal.
The record shows that defendant’s property was taken for the purpose of relocating and widening La. Highway No. 1 through Alexandria. Before the taking, defendant’s property comprised a lot on the northeast corner of Fourth and Scott Streets fronting 85.66 feet along Fourth Street and 106.66 feet along Scott Street. These are paved streets with concrete curbs and sidewalks. The lot is in an older section of Alexandria about one block from the Baptist Hospital, which until recent years was residential in nature. In recent years there have been more and more acquisitions of property in this area for commercial uses. Improvements consisted of two frame residences built about 50 years ago. The larger unit on the corner had been converted into three apartments, and the adjoining unit contained two apartments. These structures were in poor condition, and a frame garage to the rear of the lot had collapsed. Prior to the expropriation these units had been rented for a gross rental of $225.00 a month.
The original lot contained 9,135.86 square feet. The highway took a strip through the lot comprising 3,869.63 square feet, leaving a remaining lot on the north side of irregular shape containing 5,193.12 feet, and a small triangular area on the south side containing 73.11 square feet.
On filing the proceedings plaintiff deposited with the court $15,966.00, being $14,511.00 for the land; $1,300.00 salvage value for the improvements; and, $155.00 for damages.
Prior to the trial, in answer to certain requests for admissions, plaintiff admitted the property taken had “a value of $3.75 per square foot for the land alone”. During the trial, the district court ruled that plaintiff was bound by this admission and could not introduce evidence to the contrary. However, certain testimony was allowed, as a proffer of proof, to show that the evaluation of $3.75 per square foot included the value of the improvements.
Each party called two experts to testify as to the value of the land and improvements. Defendant called Messrs. Habeeb Monsur, Jr. and William C. Webb. Mr. Monsur appraised the land and improvements separately, valuing the land at $3.00* per square foot, or $27,408.00; and the buildings at $6,250.00 and $2,576.00. These total $36,234.00. He considered the larger remaining tract was damaged 60%, and the smaller tract 100%. Mr. Webb valued the land at $3.50 per square foot before the taking, which figures $31,976.00. He valued the houses at $5,580.00 and $3,091.20. These figures total $40,647.20. It was his opinion that the remaining larger tract was damaged by 50%, and the smaller tract by 100%.
Plaintiff’s experts were Messrs. M. C. Gehr and Darrel V. Willet. Mr. Gehr *176 valued the land at $3.75 per square foot as commercial property, which amounted to $34,260.00. It was his opinion that the improvements were only worth their salvage value of $1,200.00 since the structures would need to be torn down for the land to be used as commercial property. These figues total $35,460.00. He did not believe the larger remaining tract had been damaged because of the taking, and considered the smaller tract was damaged 65%. Plaintiff’s other expert valued the whole property, with improvements, before the taking at only $19,500.00. His evaluation was out of line with the other appraisers, and with the admission as to the value of the land, and was disregarded by the district court.
The district court awarded $14,508.75 for the value of the land taken, on the basis of 3,869.63 square feet at $3.75 per square foot. For the improvements the court allowed $5,915.00 for the larger corner house and $2,835.00 for the smaller house, totaling $8,850.00 for the improvements. For severance damages, the smaller tract of 73.11 square feet was considered damaged 100%, and $274.16 was allowed; the larger remaining tract was considered damaged 55%, and $10,710.56 was allowed. These awards total $34,243.47. The district court also awarded defendant $1,300.00 for the fees of his experts, and $150.00 for other special costs incurred.
The only issue raised on appeal relates to the award for the improvements on the property. Plaintiff maintains that the district court erred in finding that the two 50-year-old structures increased the fair market value of the subject commercial property by $8,750.00'. It is maintained that the net effect of the testimony of all appraisers was that the land was worth $3.75 per square foot with or without the buildings, and that a wise investor would have to remove the buildings in order to get a reasonable return on his investment. It is further contended that the district court erred in finding that the highest and best use of the property was for commercial purposes which includes multi-family dwellings (rental units) or apartments, since commercal purposes necessarily excludes use for residential purposes.
The defendant maintains that plaintiff’s position requires use of evidence not properly before the court which tended to show a value for the property less than the admitted and stipulated amount of $3.75 per square foot. Counsel for defendant contends that the testimony of plaintiff’s experts was properly disregarded because of their inadequate investigation as to the improvements located on the comparables used in arriving at their evaluations. It is further argued that the judgment of the district court should not be disturbed as it was based on well-grounded testimony of defendant’s experts.
 In view of the admisson that the land, without improvements was worth $3.75 per square foot, this Court agrees with the district court’s evaluation of the land alone on that basis. On the other hand, considering the explanation as to how the land was so valued, we believe that all evidence presented should be allowed. As explained by Mr. Gehr, the land was valued at $3.75 per square foot because it was commercial property. As such, he believed the improvements were worth only a salvage value of $1,200.00 as situated on the subject property. There is no inconsistency in this position. Nor does the admission as to the value of the land restrict the court in any way in interpreting the testimony of the experts as to the value of the improvements as situated on or as combined with the particular land in question.
However, we agree with plaintiff that the record does not substantiate a holding that the two buildings were worth their full replacement value as located on the subject property. In view of the value of the land as commercial property, a purchaser who would pay $3.75 per square foot for the land would certainly have in mind *177 the eventual destruction of the buildings. The record shows it would not be economically feasible to continue indefinitely to rent the structures at only $225.00 per month gross income. After management fees and other expenses, the net income on the property was estimated to be only $1,-200.00 to $1,500.00 a year. Also, because of the type and age of the buildings, it would not be economically feasible to modernize them to add to their rental value or to convert them to commercial rental. For these reasons we find that the improvements were worth less than their full replacement value of $8,750.00 as allowed by the district court. The award to defendant for the value of the buildings should be limited to the extent they enhance the value of the subject property, which has been valued at its highest and best use as commercial property. See Nichols oh Eminent Domain, Volume 4, Section 13.11, at page 349, et seq, to-wit:
“When a tract of land, upon which buildings have been erected and affixed to the soil so far as to become part of the real estate, is taken by eminent domain— unless some special provision is made for the removal of the buildings' — the value of the buildings must be considered in determining the compensation to be awarded to the owner. Generally improvements situated upon the portion of land taken are to be considered as part of the realty. Improvements ordinarily have no market value separate from the land. Therefore, when such improvements are taken or destroyed their value can be reflected in the finding as to the value of the land taken and evidence of their value is admissible for that purpose. Consideration of the value of such buildings and improvements is limited to the extent only that they enhance the value of the land. * *
We have arrived at a valuation of the improvements on the defendant’s land at $6,389.73 as follows:
The property, with improvements, was valued before the taking by Mr. Mon-sur at $36,234.00; by Mr. Webb at $40,647.-20; and by Mr. Gehr at $35,460.00. We agree with the district court that the evaluation of Mr. Willet should be disregarded. In order to fully compensate defendant for the property expropriated, we will use the higher evaluation of Mr. Webb. It is noted that Mr. Monsur also testified that it was his opinion that a prudent investor might be willing to pay $3.75 per square foot for the land plus $8,800.00 for the improvements if he had a profitable use for or wanted the property badly enough. Actually, this was the basis of the district court’s ruling, but we do not find that this value was adequately established.
After the taking, the value of defendant’s property is shown to be $8,764.00. This amount was computed by considering the larger remaining tract containing 5,193.12 square feet had been damaged to the extent of 55%; and that the smaller remaining tract had been damaged by 100%. The parties have not seriously disputed these findings. The remaining 45% of the larger tract at $3.75 per square foot amounts to $8,764.00.
By subtracting this remaining value of $8,764.00 from Mr. Webb’s valuation before the taking of $40,647.20, we arrive at the amount of $31,883.20, which this Court believes would fairly compensate defendant in this case. This amount allows defendant $14,508.75 for the land taken, $10,710.56 for severance damages to the larger remaining tract, $274.16 for the smaller remaining tract, and $6,389.73 for the value of the improvements.
For the reasons assigned the judgment of the district court is amended so as to reduce the award to defendant from $34,-243.47 to $31,883.20, and as amended, the judgment is affirmed. All costs of appeal are assessed to plaintiff.
Amended and affirmed.
*178 FRUGÉ, J., dissents for reason that trial court is correct in its original judgment.
On Application for Rehearing.
En Banc. Rehearing denied.