313 So.2d 918 (1975)
STATE of Louisiana, Through DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Malcolm D. WHITMAN, Defendant-Appellee.
No. 12551.
Court of Appeal of Louisiana, Second Circuit.
June 3, 1975.
Rehearing Denied July 1, 1975.
Writ Refused September 25, 1975.
*921 D. Ross Banister, William W. Irwin, Jr., Jerry F. Davis, Robert L. Ledoux, Johnie E. Branch, Jr., Baton Rouge by Jack C. Fruge, Sr., Ville Platte, for plaintiff-appellant.
Holloway, Baker, Culpepper & Brunson by William H. Baker and Herman A. Castete, Jonesboro, for defendant-appellee.
Before BOLIN, HALL and MORRIS, JJ.
BOLIN, Judge.
Pursuant to Louisiana Revised Statutes 48:441 et seq., plaintiff Department of Highways expropriated a strip of land varying from 37 to 47 feet deep across the 100-foot front of a lot owned by defendant and situated on the corner of Cooper Avenue and U.S. Highway 167 in the Town of Jonesboro, Louisiana. As compensation for the land and the improvements taken, the Department of Highways deposited the sum of $3975 in the registry of the court. This sum represented an estimated value of $2475 for the land taken and $1500 as the salvage value of an old frame dwelling which was partially located in the proposed right-of-way. Defendant, being dissatisfied with the amount deposited in the registry of court, sought a judicial determination of the amount of compensation due him.
Following trial on the merits the judge, for written reasons assigned, found the property expropriated by the highway department consisted of 4132 square feet with a value of $1.75 per square foot, or a total value of $7231.00. The court further found severance damage to the remainder *922 of defendant's lot in the sum of $5391.75 and the depreciated value of the frame dwelling to be $15,000. There was judgment in favor of defendant and against the Department of Highways for the total sum of $27,622.18, less a credit of $3975.00 previously deposited in the court, plus legal interest from November 16, 1973, and costs. In addition the fees of the expert witnesses used by defendant were fixed at $8449.80 and taxed as costs against the Department of Highways, which has appealed.
In this court defendant has filed a motion to dismiss the appeal. We overrule the motion to dismiss and amend the judgment by reducing the amount of the award to the landowner and reducing the amount fixed for the fees of the experts.

MOTION TO DISMISS
The motion to dismiss was predicated on the following grounds: (1) the petition for appeal was not signed by an attorney of record for plaintiff-appellant as provided by Louisiana Code of Civil Procedure Article 863; (2) appellant failed to deposit the additional amount awarded by the trial court; and (3) the transcript of testimony was not timely prepared and lodged before this court.
Answering the grounds set forth above in the order stated, we find:
(1) The petition for the appeal was properly signed. The primary purpose of Louisiana Code of Civil Procedure Articles 863 and 864 is to fix responsibility against an attorney in the event disciplinary action is necessary because of the filing of improper pleadings. Berglund v. F. W. Woolworth Co., 236 So.2d 266 (La.App.4th Cir. 1970). It is appropriate to point out that the petition for an appeal listed the attorneys of record for appellant and was signed on behalf of these record attorneys. Parenthetically it should also be added that appeals are favored in our law and may be taken by oral motions as well as written pleadings.
(2) In answer to the second ground, it is conceded plaintiff did not deposit the difference between the amount awarded and the amount previously deposited; however, in State, Department of Highways v. Holmes, 251 La. 607, 205 So.2d 416 (1967), the court expressly held that the excess award was not required to be paid pending an appeal.
(3) We find no merit in the third ground since the failure to file the transcript was not imputable to plaintiff but, to the contrary, plaintiff made every effort to have the transcript filed in this court, which has been done.

MERITS
On the merits appellant sets forth the following specifications of error: (1) the lower court incorrectly calculated the amount of land expropriated for the highway right-of-way as 4132 square feet rather than 1860 square feet; (2) the lower court erred in placing a valuation on the improvements of $15,000 rather than $1,500; and (3) the amount of the fees fixed for the experts was excessive. In order to properly discuss and dispose of the errors alleged to have been committed by the trial judge it will be necessary to set forth the facts and general background of the case.
The property owned by defendant was a corner lot fronting on the main highway connecting Jonesboro and Hodge. It was bounded on one side by Cooper Street which was 80 feet wide. The property is near the Jonesboro-Hodge High School and because of its location it was conceded by all experts to be best suited for use as commercial property. Located on the property was a large frame dwelling. The house was vacant at the time of trial and had not been occupied for approximately one year prior thereto. There was evidence *923 the house contained three apartments which in the past had been rented as rooms or apartments to construction workers. However, it had never been used for purely commercial purposes nor was it suitable for such use. Because the highway right-of-way would take a portion of the house it was conceded by plaintiff and defendant that this would necessitate a total taking of the improvement.
Directing our attention next to the question of the amount of defendant's land taken, plaintiff relies on a plat of survey prepared by one of its engineers which depicts the right-of-way before the taking as extending beyond the paved portion of the highway. According to this plat the amount of defendant's land to be expropriated for the right-of-way would be only 1860 square feet. Opposed to this defendant offered the testimony of Richard Crawford, a registered land surveyor, who testified he had examined the public records and had found no recorded plat or instrument showing the highway department owned any property beyond the paved portion of the road. Crawford's survey showed the amount of land necessary for the construction of the highway would be 4132 square feet. Since plaintiff has not shown it owned any land beyond the paved portion of the highway, we conclude the area expropriated was 4132 square feet rather than 1860 square feet.
The second and most perplexing question for consideration is the proper amount to be awarded the landowner for the loss of the frame dwelling located on the property. Two experts testified for plaintiff that the highest and best use of the property was for commercial purposes. These witnesses were further of the opinion that the dwelling did not enhance the value of the property, if it were to be utilized for commercial purposes, and they therefore evaluated the improvements at only $1,500, the amount for which the house could be sold for salvage and removed. In other words, these witnesses thought the property would be worth more with the house off the land than on it.
Several appraisers testified for defendant and each of them thought the highest and best use for the entire property was for commercial purposes. They calculated the total value by giving a square foot value of the entire land and apportioning this total amount to the part actually taken for the right-of-way. They determined severance damage by depreciating the value of the balance of the land at 50% because it had been damaged by being reduced in size. Each of these witnesses calculated the value of the improvements on the basis of reproduction cost less depreciation. The depreciated cost of the building was then added to the value of the land taken plus the severance damage to arrive at an award for the landowner. While these witnesses testified the frame dwelling could have been used as rental property or possibly as a beauty shop or liquor store or some other similar light commercial purpose, they did not testify as to any definite amount the improvement would enhance the value of the property for commercial purposes.
Our law requires that just and adequate compensation be paid for property taken for public purposes. A just and adequate compensation is the actual market value of the particular portion of property taken, valued according to its highest and best use, together with any severance damage caused to the remaining property. State through Department of Highways v. Hoyt, 284 So. 763 (La.1973) and cases cited therein.
The highest and best use of the subject property is conceded to be commercial. There was some variance in the square foot value but the trial judge adopted a figure of $1.75 per square foot and we find this evaluation is supported by the record. Having previously found the lower court was correct in finding plaintiff expropriated 4132 square feet for the *924 highway right-of-way, we find that portion of the judgment awarding defendant $7,231 for the land actually taken to be correct.
We accept as correct the statement of the trial judge that the total area in the tract owned by defendant was 12,452 square feet before the taking. Therefore, the remainder after the expropriation of 4132 square feet was comprised of 8320 square feet. Assigning to this area a square foot value of $1.75, we find the remainder had a value of $14,560 prior to the taking. We agree with the trial judge the property suffered 30% depreciation because of its reduction in size and limited use as commercial property; therefore we allow $4,368 as severance damage to the remainder, leaving defendant owning a lot worth $10,192.
While no one testified as to any exact amount, it can reasonably be assumed that if the property had been appraised for residential purposes the value of the remaining property would have been negligible as compared to $10,192.00. For this reason it appears to us to be patently unfair for the property owner to recover for a residence located on property which was valued for commercial use. We find the only sound basis for fixing the value of the improvements on this property, if it were to be utilized for commercial purposes, is its salvage value, which is $1,500. Defendant vigorously questions this method of calculating the award, arguing that the expropriating authority has in effect taken the entire frame dwelling since it was in the right-of-way and is only paying $1,500 for the structure. We must confess this is a persuasive argument. However, the purpose of fixing an award in expropriation cases is to pay the landowner the market value of the property taken plus severance damage, and also to as nearly as possible adequately compensate the landowner for any loss or damage suffered by him. Viewing the overall situation we think paying the landowner only the salvage value of the improvements will accomplish this result.
As result of our finding the landowner will receive $7,231 for the land taken, $4,368 as severance damages, and $1,500 for the salvage value of his frame dwelling, or a total of $13,099, and he will retain the ownership of a piece of commercial property valued at $10,192. If the depreciated cost of the dwelling were added to this figure we are of the opinion the landowner would receive payment for a loss which he did not suffer. Our conclusion on this portion of the case is fortified by the rationale expressed in State through Department of Highways v. Goldberg, 223 So.2d 174 (La.App.3d Cir. 1969).

EXPERT WITNESS FEES
We next consider the issue of whether the award of expert witness fees was excessive. We are aware of the jurisprudential rule that in fixing the fee to be awarded an expert witness much discretion is granted to the trial judge. However, from our painstaking review of this record we are constrained to find the expert witness fees were fixed at such an excessive amount as to constitute an abuse of this discretion.
The following fees were fixed by the trial judge and assessed as costs against the Department of Highways:

 H. L. Bass $ 1800.00
 Hab Monsur, Jr. 1950.00
 Darrell V. Willett 1950.00
 O. L. Jordan 1650.00
 Richard Crawford 375.00
 Lavelle Nunn 224.80
 W. W. Prestridge 500.00
 _________
 $ 8449.80

Preliminary to a consideration and discussion of each of the fees fixed and *925 listed above, we deem it appropriate to set forth several pertinent principles of law. The amount agreed upon between an expert witness and the party calling him is not a criterion as to the amount to be taxed as costs. See Daigle v. Hardware Dealers Mutual Fire Insurance Company, 165 So.2d 643 (La.App.1st Cir. 1964); State of Louisiana, through Department of Highways v. Smith, 270 So.2d 178 (La.App.1st Cir. 1972); State of Louisiana, through Department of Highways v. Hoyt, 272 So.2d 768 (1972).
The defendant can have taxed as court costs the reasonable cost of time spent by the expert in gathering facts necessary for his testimony but not for time spent in consultation which only assists the attorney in preparation for the litigation. Cox v. East Baton Rouge Parish School Board, 165 So.2d 667 (La.App.1st Cir. 1964), citing a long line of jurisprudence. In State v. LaBauve, 75 So.2d 862 (La.App.1st Cir. 1954) it was held a court will only award expert witness fees when the witness is in court testifying or in court waiting to be called to testify, and expert witness fees will not be awarded to an expert after he has testified, even though he stays in court only for the purpose of consulting the party who summoned him.
H. L. Bass, called as expert witness for defendant as an appraiser, testified he went to the subject property and to the comparables, identification of which he obtained by going to the courthouse. He testified he spent four days examining the records in the course of which he checked and examined about 30 sales. If comparable, he would view the property to compare the location and size with that of the Whitman property. The direct and cross-examination of Mr. Bass consumed approximately 27 pages of the transcript and the major part of this testimony was devoted to the manner in which he appraised the house with particular attention to reproduction costs and depreciation. Although Mr. Bass stated he had spent two days in court, for which he charged $150 a day, we are unable to find that he attended as a witness more than one day. We further find the charge of $1500 for preparation of his report from which he testified is excessive. He gave no estimate of the hours he spent in actually preparing his appraisal, nor has he submitted a schedule of his charges either by the hour or by the day. Thus we must ascertain what is reasonable under the facts and circumstances of the particular case. We estimate Mr. Bass spent approximately seven days preparing this appraisal, for which he should receive $100 a day plus $150 for his time spent in testifying, or a total of $850.
Hab Monsur, Jr., qualified as an expert appraiser, testified in general much in the same vein as Mr. Bass, although he spent much less time in arriving at his conclusions. His testimony comprised nine pages of the transcript and, although reflecting considerable knowledge of property values in the area of the subject property, gave no indication of the amount of time he spent in preparing an appraisal. In view of the short time he was on the stand and the fact that his appraisal was based largely on his understanding of real estate values rather than on time spent specifically on this particular appraisal, we find an expert witness fee of $500 would adequately compensate him for his time.
It was stipulated between counsel that if appraiser Darrell Willett were called his testimony would be essentially the same as the other three appraisers who testified for defendant. No written appraisal nor schedule of time consumed by this witness was submitted. Counsel for defendant stated that Willett's charge for his appraisal was $1500 and that his charge *926 for court appearance was $225 per day for the two days he was available for testifying. The court awarded this witness $1950, which we consider excessive inasmuch as any testimony he might have given would have been merely cumulative and of little or no value to the court in arriving at the amount of just compensation to be awarded defendant. As stated earlier, an appraiser's charge to his client for aid in preparation for trial is not the criterion for assessing witness fees. Since we have only the stipulation that Willett would testify the same as defendant's other expert appraisers, we conclude a fee of $250 should be fixed for this expert.
O. L. Jordan, another appraiser qualified as an expert, testified he spent two days inspecting the property, drawing a plat, examining records and estimating reproduction cost of the building. He testified his fee was $1200 for the appraisal and $225 per day in court. His testimony comprised nine pages of transcript. He stated he had been in court two days but it is apparent from the record and the length of time he testified that he spent no more than two hours on the witness stand. We find the award of $1650 to this witness is excessive and it is reduced to $500.
Richard E. Crawford, called by defendant, was qualified as an expert and a registered land surveyor. He testified he made the survey of the property and searched the records of Jackson Parish but was unable to find any right-of-way agreements or deeds in the area to the highway department. His survey led to the conclusion by the court, undisputed by plaintiff, that the area lying between the edge of the pavement and the "taking line" was comprised of 4132 square feet rather than 1860 square feet as found by the highway department. His testimony consumed only four pages of the transcript and consisted primarily of recitation of his qualifications. The lower court fixed the fee of this witness at $375 which we find excessive and it is reduced to $150 for the survey and $100 for his time in testifying, or a total of $250.
Lavelle Nunn, called as defendant's witness, testified his occupation was that of photographer; that he charged $124 for photographs made in connection with this lawsuit; and that his fee was $100 a day for court attendance. His testimony was comprised of one and one-half pages of the transcript and was strictly for identification of the photographs taken by him on two different occasions. The statement for $124 reflects the pictures were ordered by H. L. Bass, a real estate appraiser for defendant. The court awarded the full amount of $224 as fee for this witness, which we conclude was improper and should be disallowed. In State of Louisiana through Department of Highways v. Bates, 129 So.2d 550 (La.App.1st Cir. 1961) the court held that the charge of the photographer for pictures taken by a studio was improper and was not a service contemplated by Louisiana Revised Statutes 13:3666 and should not be allowed.
The trial court fixed a fee of $500 for W. W. Prestridge, a building contractor with no particular expertise in that field except experience. His testimony consumed four pages, two of which were used for qualifying him as an expert and two for relating his estimate of reproduction cost for the structure on the property. Since we have previously found reproduction cost is not a valid method of determining the amount to be awarded as just compensation for property whose highest and best use had been determined to be commercial, we find this testimony was of *927 little use to the court and is excessive; therefore, we reduce the award to $100.
We recapitulate the amount of the witness fees fixed by this court as follows:

 H. L. Bass $ 850.00
 Hab Monsur, Jr. 500.00
 Darrell Willett 250.00
 O. L. Jordan 500.00
 Richard Crawford 250.00
 W. W. Prestridge 100.00
 ________
 $2450.00

For the reasons assigned the judgment of the lower court is amended to reduce the award to the landowner, Malcolm D. Whitman, and against plaintiff Department of Highways to $13,099.00, less a credit of $3,975.00 previously paid, leaving a balance of $9,124.00; the judgment is further amended to reduce the amount of fees fixed for the expert witnesses used by the defendant from the total sum of $8,449.80 to $2,450.00. As amended, the judgment is affirmed.