319 So.2d 549 (1975)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Paul M. BOUNDS, Defendant-Appellee.
No. 12669.
Court of Appeal of Louisiana, Second Circuit.
September 3, 1975.
Rehearing Denied October 1, 1975.
Writ Refused November 18, 1975.
*550 D. Ross Banister, William W. Irwin, Jr., Jerry F. Davis, Robert L. Ledoux, Johnie E. Branch, Jr., Baton Rouge, and Jack C. Fruge, Sr. by Jack C. Fruge Sr., Ville Platte, for plaintiff-appellant.
Holloway, Baker, Culpepper & Brunson by William H. Baker and Herman A. Castete, Jonesboro, for defendant-appellee.
Before PRICE, HALL and DENNIS, JJ.
En Banc. Rehearing Denied October 1, 1975.
HALL, Judge.
In this expropriation suit arising out of the widening and improving of Highway No. 167, known as the Jonesboro-Hodge Highway, the district court awarded the defendant-owner the total sum of $26,996.50 as just compensation.
The Highway Department appealed specifying that the trial court erred (1) in awarding any severance damages and particularly in awarding more severance damages than were testified to by any of the expert witnesses and (2) in awarding excessive expert witness fees. The defendant answered the appeal assigning as error the award by the trial court of an inadequate amount for the value of the land taken.
The district court's award is itemized as follows:

Land taken $ 5,746.50
Improvements taken 18,750.00
Severance damages 2,500.00
 __________
 Total $26,996.50

The property owned by defendant at the time of the taking was a lot containing 7,497.35 square feet located at the corner of Highway No. 167 and Harrison Street in Jonesboro, Louisiana, together with the improvements thereon consisting of a onestory frame residence in good condition in which the defendant resided. The land taken consisted of a strip across the entire front of the property ranging in depth from 59.68 feet to 57.51 feet and containing 4,597.2 square feet, leaving a remainder after the taking of 2,900.15 square feet. The exact size of defendant's property was disputed at the trial but the trial court's *551 conclusion as to the size of the tract as set forth above is not disputed on appeal.
The trial court concluded the highest and best use of the property is commercial and this conclusion is not disputed on appeal, although at the trial three of defendant's four appraisers based their appraisals on a commercial front use and residential rear use of the property.
Value of the Land Taken
Defendant urges that the evidence supports an award for the value of the land taken based on a valuation of at least $2 per square foot rather than $1,25 per square foot as found by the district court.
The subject property is lower than highway grade and all witnesses were of the opinion the property would have to be filled in order to be put to its highest commercial use. The cost of filling the property was taken into consideration by the several witnesses to varying extents. Estimates of value of the land taken, after giving consideration to the cost of filling, ranged from $.95 per square foot by plaintiff's witness, Linwood J. Roy, to $2.50 per square foot by defendant's witness, O. L. Jordan. On the basis of the evidence, the trial court quite reasonably concluded the value of the land if filled and up to highway grade would be $2 per square foot. The court deducted the cost of filling in arriving at a value at the time of taking of $1.25 per square foot. Our review of all the evidence convinces us this conclusion was reasonable and correct. We find no error as to the award for the value of the land taken.
Severance Damages
The Highway Department's principal argument that the severance damages are excessive is based on the fact that the amount of $2,500 awarded is more than the amount testified to by any of the expert witnesses. The highest estimate of severance damages was made by plaintiff's witness, Linwood J. Roy, who estimated such damages at $2,239. Plaintiff's witness, Daniel G. Carlock, Jr., and defendant's witnesses, H. L. Bass and Darrel V. Willet, testified there were no severance damages. Defendant's witnesses, Habeeb Monsour, Jr. and O. L. Jordan, estimated severance damages at $1,590 and $1,286 respectively.
The award of $2,500 for severance damages does exceed the highest estimate of any of the expert witnesses and to this extent must be considered erroneous. The evidence discloses the remaining tract has commercial value but the value is diminished by reason of its small size and irregular shape. Roy estimated the diminution in value at 25%, Monsour at 50%, and Jordan at 90%. The 50% figure seems most reasonable. The 2,900.15 square foot remaining tract had a before value of $3,625.18 based on $1.25 per square foot. Our conclusion is that the value of this tract was reduced by 50% because of the taking, resulting in severance damages of $1,812.59. The judgment should be amended by reducing the award for severance damages from $2,500 to $1,812.59 or a reduction of $687.41.
Defendant argues that plaintiff judicially admitted severance damages of at least $2,239 because that amount is shown on the certificate of value signed by two appraisers and attached to plaintiff's original petition. However, prior to trial, plaintiff filed a supplemental petition in which the certificate was amended to show no severance damages. Plaintiff is not bound by the figure shown on the first certificate.
*552 Expert Witness Fees
The district court awarded the following expert witness fees:

Lavelle Nunn (a photographer who
identified photographs filed into evidence) $ 374.56
A. Ray Bond (a contractor whose testimony
as to reproduction costs was
stipulated) 300.00
Habeeb Monsour (defendant's appraiser) 1,700.00
H. L. Bass (defendant's appraiser) 1,800.00
Darrel V. Willet (defendant's appraiser) 1,700.00
O. L. Jordan (defendant's appraiser) 1,450.00
 __________
 Total $ 7,324.56

In recent expropriation cases involving the same highway project and most of the same witnesses, this court found similar fees to be excessive. See State of Louisiana, Through Department of Highways v. Malcolm D. Whitman, 313 So.2d 918 (La. App.2d Cir. 1975); State of Louisiana, Through Department of Highways v. United Pentecostal Church of Hodge, Louisiana, 313 So.2d 886 (La.App.2d Cir. 1975). In line with these cases and for the same reasons expressed therein, we disallow the fees for Lavelle Nunn and A. Ray Bond and fix the expert witnesses' fees as follows:

Habeeb Monsour $ 650.00
H. L. Bass 650.00
Darrel V. Willet 650.00
O. L. Jordan 650.00

Motion To Dismiss Appeal
Defendant filed a motion to dismiss the appeal on the grounds that the Highway Department failed to deposit the excess amount awarded by the trial court prior to taking the appeal and that the attorney for the Highway Department was not authorized to take and perfect an appeal on behalf of the State. A similar motion was overruled in State of Louisiana, Through Department of Highways v. Malcolm D. Whitman, supra; State of Louisiana, Through Department of Highways v. United Pentecostal Church of Hodge, Louisiana, supra. The motion in the present case is overruled for the same reasons as expressed in the previous cases.
For the reasons assigned, the judgment of the district court is amended to reduce the amount awarded by $687.41 and to fix the expert witnesses' fees as set forth above. As amended, the judgment of the district court is affirmed.
Amended, and as amended, affirmed.