BOLIN, Judge.
In order to widen Louisiana Highway 167 in the Jonesboro-Hodge area of Jackson Parish, the State of Louisiana, through the Department of Highways, acting under the authority of Louisiana Revised Statutes 48:441, et seq., expropriated a portion of defendant’s property in full ownership and a permanent drainage servitude over another small portion of the property. As compensation for the land and servitude taken, the Department of Highways deposited $1,294.80 in the registry of the court. Being dissatisfied with the amount deposited, defendant sought a judicial determination of the amount of compensation due him. Following trial the lower court awarded defendant $34,527.43, representing $20,496.07 for property taken in full ownership, $378.00 for asphalt surfacing on the property taken, $733.36 for the servitude, and $12,920.00 for severance damages. The district court also fixed the fees of the experts totaling $6,697.62.
The Department of Highways appeals, contending the trial court erred (1) in determining the amount of land taken; (2) in fixing the value of the property taken at $2.15 per square foot; (3) in awarding any severance damages; (4) in awarding excessive expert witness fees; and (5) in assessing a photographer’s fee as a cost of court.
We amend the judgment by reducing the amount awarded to the landowner, and reducing the amount awarded for the fees of the experts.
AMOUNT OF PROPERTY EXPROPRIATED
Before the taking, defendant owned .892 acres situated on the southeast corner of the intersection of Highway 167 and Alexander Street in Jonesboro, Louisiana. A residence and a commercial building which housed a drive-in restaurant and a photographer’s studio were located on the property. The residence faced Alexander Street. The commercial building faced Highway 167 but had access to both Alexander Street and the highway.
The Department of Highways took a small triangular piece of land at the juncture of the highway and Alexander Street for the construction of a “flare corner”. This tract measured 36.23 feet on the highway, 38.64 feet on Alexander Street, and 49.55 feet on the remaining side and contained 696.96 square feet.
The Department also took a rectangular permanent servitude of drainage which measured approximately 18.5 feet by 20 feet and contained 379 square feet. The west edge of the servitude lay on the existing highway right of way line and jutted 20 feet into defendant’s property.
Defendant alleged and the trial court held the Department took an additional strip of land comprising 8,836.1 square feet along the highway since the Department did not have a right of way beyond the paved portion of the highway. The Department contended it had a right of way 50 feet either side of the center line of the highway and filed a 1929 right of way deed granted by defendant’s ancestor in title to support their argument.
*915 The issue of the Department’s right of way was recently before this court in State, Department of Highways v. Kilpatrick, 327 So.2d 452 (La.App.2d Cir. 1976), which involved an expropriation of property for this same project on the northeast corner of the intersection. For the reasons stated in Kilpatrick, we adopt its holding:
. . the right-of-way deed from Peevy to the State of Louisiana effectively conveyed a right-of-way of 100 feet.in width, 50 feet on both sides of the center line of the Jonesboro-Hodge Highway as located by the State highway engineer at the time the highway was constructed in about 1929. It follows that defendant is not entitled to be compensated for the property lying between the edge of the existing pavement and the 50 foot right-of-way line, which property lies within the existing right-of-way and is not owned by defendant.”
Accordingly, we find the Department expropriated only the triangular tract of land consisting of 696.96 square feet and the permanent servitude of drainage consisting of 379 square feet.
VALUE OF PROPERTY TAKEN
In arriving at the actual market value of the property taken, all the appraisers used the market data approach, each basing his estimate on sales considered comparable to the subject property. The Department’s two appraisers arrived at values of $1.10 and $1.20 per square foot for the property taken. After substantial adjustment of the comparables, defendant’s three appraisers arrived at values of $2.18, $2.25, and $2.50 per square foot. The trial court found the property was worth $2.15 per square foot and the evidence supports such an award.
We therefore award $1,498.46 for the 696.96 square feet of land taken in full ownership. It is undisputed the value of the asphalt surface was $378.00.
The experts were in general agreement that the value of the servitude taken was 90% of the value of the land. Accordingly, we award $733.37 for the taking of 379 square feet for a permanent drainage servitude.
SEVERANCE DAMAGES
The most troublesome issue relates to severance damages. The Department’s appraisers testified the remaining property had not suffered any damage resulting from the taking. Defendant’s three appraisers found substantial severance damages to the portion of the property upon which was located the drive-in restaurant. Two appraisers testified the property and improvements were worth 20% less in the after-taking status, while the third appraiser stated it was worth approximately 14% less. The trial judge found the property had been damaged in the amount of 15% of its value, or $12,920.00.
Defendant’s appraisers cited several factors which led them to conclude the remaining property had suffered substantial severance damage. One factor was the impairment of access to the drive-in restaurant. Before the taking the subject property had unlimited access for approximately 226 feet along the highway and for approximately 80 feet along Alexander Street. After the taking, access will be limited to two 35 foot driveways along the highway and to approximately 40 feet along Alexander Street.
Another factor considered by defendant’s experts was the reduction in usable parking space for the property. One of the appraisers testified the taking of the comer of the lot and the drainage servitude, together with the restriction of access, decreased the available parking area by 40%. From our examination of the evidence, we find the loss of available parking will be minimal. The appraiser allowed more parking spaces in the before-taking status than could be practicably accommodated and fewer in the after-taking status than could be utilized.
Another aspect in their calculation of severance damage was the effect of the drainage servitude on the value of the *916 remainder. The construction is flush with the ground so parking is not physically impaired; but defendant’s appraisers contend patrons would hesitate to park on it for fear of losing their keys or losing the heel of a shoe in the grate over the drain. The appraisers also testified undesirable odors from the drain might offend patrons.
Severance damage is determined “as of the date of the trial”. Louisiana Revised Statutes 48:453. State, Department of Highways v. Genest, 218 So.2d 114 (La. App.3d Cir. 1968) appropriately states the law on this question as follows:
“The severance damages contemplated by the statute are generally those to result after construction of the highways for which the land is taken. State Through Dept. of Highways v. Black, La.App.3d Cir., 207 So.2d 583; cf., LSA-R.S. 48:-451.
The jurisprudence interpreting the cited statute permits the landowner to elect whether to sue immediately for the contemplated severance damages rather than to wait until after the construction is completed, but the landowner nevertheless bears the burden of proving what his severance damages will be upon the completion of the project. State Through Dept. of Highways v. Black, cited above.”
The only proof offered to show the remaining property had been damaged by the taking was the opinion of the expert witnesses.
Applying the law as enunciated above to the facts as we find them in the instant case, we conclude the lower court awarded excessive severance damages. According to the testimony and the exhibits filed in evidence, the property will probably be more usable as a drive-in restaurant (its highest and best use) after the highway is completed than before the taking. It is true the property had unlimited access to both the highway and Alexander Street prior to the construction. However, if the entire frontage had been utilized for ingress and egress of traffic to the drive-in, the parking space would be greatly reduced. By placing curbing along the highway and channeling all traffic into three passageways, there would be adequate space for entrances and exits while utilizing the property for a maximum parking space.
For minimal loss of parking space and possible diminution in market value due to location of a non-hazardous surface type •catch basin, we conclude a total award of $3,000 would adequately compensate defendant for severance damage.
EXPERT WITNESS FEES
The trial court awarded the following expert witness fees:
H. Loren Willet (defendant’s appraiser) $ 2,162.50
O. L. Jordan (defendant’s appraiser) 1,700.00
H. L. Bass (defendant’s appraiser) 1,800.00
A. Ray Bond (for testifying as to reproduction cost) 300.00
Richard Crawford (defendant’s surveyor) 450.00
Lavelle Nunn (photographer) 285.12
Total $ 6,697.62
The Department contends the expert witness fees awarded are excessive. In several recent expropriation cases involving this same highway project, or other projects in the Jonesboro area, and involving most of the same witnesses, this court found similar fees to be excessive and reduced the awards of the district court. See State, Department of Highways v. De-Jean, 322 So.2d 265 (La.App.2d Cir. 1975); State, Department of Highways v. Bounds, 319 So.2d 549 (La.App.2d Cir. 1975); State, Department of Highways v. United Pentecostal Church of Hodge, 313 So.2d 886 (La.App.2d Cir. 1975), writ denied (La.) 318 So.2d 60; State, Department of Highways v. Whitman, 313 So.2d 918 (La.App. 2d Cir. 1975), writ denied (La.) 319 So.2d *917 443; State, Department of Highways v. Model Development Corporation, 322 So.2d 270 (La.App.2d Cir. 1975); State, Department of Highways v. Oil Mark Corporation, 324 So.2d 606 (La.App.2d Cir. 1975; and State, Department of Highways v. Kilpatrick, 327 So.2d 452 (La.App.2d Cir. 1976).
Considering the evidence as to the services rendered by the expert witnesses, the value of the property taken and severance damages awarded, and the amounts allowed for expert witness fees in other similar cases recently before this court, we disallow the fee for the photographer and fix the expert witness fees as follows:
H. Loren Willet $ 700.00
O. L. Jordan 650.00
H. L. Bass 650.00
A. Ray Bond 300.00
Richard Crawford 250.00
Total $ 2,600.00
For the reasons assigned the judgment of the district court is amended to reduce the amount awarded defendant from $34,527.43 to $5,609.83, and to fix the expert witness fees as set forth above. As amended, the judgment of the district court is affirmed.