327 So.2d 452 (1976)
STATE of Louisiana, DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Willard H. KILPATRICK, Defendant-Appellee.
No. 12837.
Court of Appeal of Louisiana, Second Circuit.
February 9, 1976.
Rehearing Denied March 15, 1976.[*]
Writ Refused April 30, 1976.
*453 D. Ross Banister, William W. Irwin, Jr., Jerry F. Davis, Robert L. Ledoux, Johnie E. Branch, Jr. and Jack C. Fruge, Sr., Baton Rouge, for plaintiff-appellant.
Holloway, Baker, Culpepper & Brunson by Herman A. Castete and William H. Baker, Jonesboro, for defendant-appellee.
Before PRICE, HALL and MARVIN, JJ.
En Banc. Rehearing Denied March 15, 1976.[*]
HALL, Judge.
This is an expropriation suit arising out of the widening and improving of Highway 167, known as the Jonesboro-Hodge Highway. The district court awarded the defendant-landowner the total sum of $34,746.75 as just compensation, itemized as $24,396.75 for the property taken based on a finding of 10,843 square feet taken at a value of $2.25 per square foot, and $10,350 as severance damages based on a finding that the property remaining after the expropriation suffered a diminution in value from $2.25 per square foot to $2 per square foot. The district court also awarded a total of $4,022.62 for expert witness fees.
The Highway Department appealed specifying that the trial court erred (1) in determining the amount of land taken; (2) in finding that the subject tract had a value of $2.25 per square foot as commercial property at the time of taking rather than a value of $1.20 per square foot; (3) in awarding any severance damages; and (4) in awarding an excessive amount in expert witness fees.
Amount of Land Taken
The property owned by defendant at the time of the taking was an unimproved lot containing approximately 3½ acres located at the northeast corner of Highway 167 (which runs north and south) and Alexander Street (which runs east and west) in Jonesboro, Louisiana. The lot was bounded on the west by Highway 167 and had a frontage of 237.5 feet on the highway according to the deed by which defendant acquired the property. The depth of the property, along Alexander Street, was 560.2 feet.
The property expropriated is a small triangle in the extreme southwest corner of defendant's property described as beginning at the southwest corner and measuring 29.4 feet along defendant's west property line, 29.39 feet along defendant's south property line, with a hypotenuse of 42.65 feet. The triangular tract taken contains 431.4 square feet.
It is undisputed that defendant's west property line is established by the deed by which he acquired the property as the east right-of-way line of Highway 167. The point of disagreement which gives rise to the principal dispute as to the amount of land actually being taken is the location of the east right-of-way line of Highway 167. The Department of Highways contends the east right-of-way line of Highway 167, and consequently defendant's west property line, lies 50 feet east of the center line of the highway by virtue of a recorded rightof-way instrument granted by defendant's ancestor in title in 1929. Defendant contends the State has no recorded right-ofway and, consequently, the east right-ofway line of Highway 167, and the west line of defendant's property, is the east line of the existing pavement. Defendant contends the Highway Department is actually *454 taking and using, in connection with the widening project, several thousand square feet of defendant's property lying between the edge of the pavement and a line 50 feet east of the center line of the highway.
The Highway Department introduced into evidence a right-of-way deed recorded in December, 1929, by which J. P. Peevy granted to the State of Louisiana a rightof-way having a width of 50 feet on both sides of the center line of the Jonesboro-Hodge State Highway (Route #5), being a total right-of-way of 100 feet over and across his land, being the same land conveyed to him by W. S. Jones by act of sale dated February 20, 1919. By the act of sale referred to in the right-of-way deed, Jones sold to Peevy the W/2 of the SW/4 of Sec. 30, T 15 N, R 3W, in which the subject property lies, and other property.
In addition to the description of the rightof-way cited above, the right-of-way deed refers to the right-of-way as running through the "SW/4 of the NW/4" of Sec. 30. This is an obvious erroneous transposition of "NW/4 of the SW/4" which is clarified when viewed in light of the foregoing reference to the sale from Jones to Peevy, and when viewed in light of the fact that the Jonesboro-Hodge Highway actually runs through the NW/4 of the SW/4 of Sec. 30.
We hold that the right-of-way deed from Peevy to the State of Louisiana effectively conveyed a right-of-way 100 feet in width, 50 feet on both sides of the center line of the Jonesboro-Hodge Highway as located by the State highway engineer at the time the highway was constructed in about 1929. It follows that defendant is not entitled to be compensated for the property lying between the edge of the existing pavement and the 50 foot right-of-way line, which property lies within the existing right-ofway and is not owned by Defendant.
Defendant next contends that even if the State has a 50 foot right-of-way east of the center line of the highway, the line as staked by the Highway Department in connection with the current project encroaches 2 feet onto defendant's property and defendant is entitled to be compensated for an additional strip 2 feet in width across the entire frontage of his property. Defendant further contends that his south property line is located approximately 5 feet south of the line as shown on the Highway Department survey and defendant is entitled to be compensated for additional square footage being taken on the south side of the triangle.
In support of his position defendant offered the testimony of and a survey prepared by Richard Crawford, an experienced and capable surveyor and civil engineer. Crawford's survey shows the 2 foot encroachment and the additional property owned by defendant south of the tract shown on the Highway Department's plat.
In arriving at the location of the southwest corner and the west line of defendant's property, Crawford measured 50 feet east from the center line of the pavement of Highway 167 as it now exists. Crawford testified the highway had been widened since its original construction and that the only completely accurate way to determine the true center line of the highway as it originally existed would be to locate the original Highway Department monuments and markers, which was not done. The validity of the property line established by Crawford on the basis of a measurement from the center line of the existing highway is questionable, according to his own candid testimony.
Even if Crawford's location of the southwest corner of defendant's property is correct, it does not follow that the Highway Department has taken more square footage than is contained in the triangular tract described in the Department's petition *455 and in the order of expropriation. The property taken is a triangle of certain dimensions in the southwest corner of defendant's property. That is all the Highway Department has taken, regardless of the exact location of the southwest corner of defendant's property on the ground. The triangular tract is being taken for clearance of view at the intersection and there is to be no physical construction thereon. The controversy as to the exact location of the southwest corner of defendant's property on the ground and the exact location of the boundaries of the property taken can be determined in appropriate proceedings. The evidence presented in this case is not sufficient to make that determination. It is worthy of note that the defendant's answer and the pretrial order in this case contain no reference to an issue as to the location and amount of property being taken, although some evidence relating to such issue was offered by defendant at the trial.
The holding of this court is that the Highway Department has expropriated a triangular tract 29.4 feet by 29.39 feet by 42.65 feet in the extreme southwest corner of defendant's property, containing 431.4 square feetnothing more, nothing less. The precise location of the triangular tract on the ground cannot be determined on the basis of the evidence in the present suit. In this proceeding the defendant is entitled to be compensated only for the 431.4 square feet actually expropriated.
Value of the Property Taken
The small triangular tract taken is a part of a corner lot on a major highway in Jonesboro. The front part of the property is zoned commercial and the rear part residential. All expert appraisers agree that the highest and best use of the property is commercial.
Using comparable sales, the Highway Department's appraisers, Dan Carlock and L. J. Roy, estimated the value of the tract as a whole at $1.20 and $.65 per square foot respectively.
Also using comparable sales, but employing the front use-rear use approach, defendant's appraisers, Loren Willet, H. L. Bass and O. L. Jordan, arrived at evaluations of $2, $2.50 and $2.50 respectively.
The trial court found the value of the property taken to be $2.25 per square foot.
Failure of the Highway Department's appraisers to recognize additional value of the highway frontage as compared to the value of the parent tract as a whole weighs against the accuracy of their appraisals. Their appraisals also failed to make adequate adjustments for passage of time subsequent to the comparable sales and for location. The appraisals of Bass and Jordan may have overemphasized these factors. The appraisal of Willet is the most thorough and convincing as to true market value. Our review of the totality of the evidence leads us to the conclusion that the market value of the property taken is $2 per square foot. Based on 431.4 square feet taken at $2 per square foot, the award for the property taken is fixed at $862.80.
Severance Damages
The trial court determined that the remaining front-use tract was reduced in value from $2.25 per square foot to $2 per square foot and awarded $10,350 as severance damages.
The Highway Department's appraisers were of the opinion there were no severance damages. They were of the opinion the taking of the very small triangular parcel in the corner would not affect the value of the remaining property, which remained substantially the same in size, susceptibility of commercial development, and value.
Defendant's appraisers estimated severance damages at $5,027 (Willet), $10,000 (Bass) and $5,364 (Jordan). Construction plans in evidence show that barrier curbs are to be constructed at the intersection of Highway 167 and Alexander Street, which curbs will extend for some distance in front of and to the side of defendant's remaining *456 property. Defendant's appraisers were of the opinion that the construction of the curbs, together with catch basins to be constructed for drainage purposes, would limit the number of driveways which could be constructed from the highway to defendant's remaining property and would result in additional cost for the construction of driveways. Defendant's appraisers related these items to market value of the remaining tract in arriving at their estimates of severance damages.
Defendant's appraisers put considerable emphasis on the effect of regulations adopted by the Highway Department pursuant to LSA-R.S. 48:344 regulating entrances and exits adjacent to highways. The Department correctly argues that the statute was in existence and applicable before the current widening of Highway 167 and any restraint brought about by the provisions of the statute and regulations thereunder does not result from the taking.
The evidence as to additional development costs and diminution in value of the remaining property by virtue of the highway construction is somewhat speculative. Defendant's evidence is convincing, however, that there will be some diminution in value of the remaining property by reason of limitation of access and additional development costs arising out of the taking and construction. In our judgment the sum of $2,500 will adequately compensate for severance damage.
Expert Witness Fees
The district court awarded expert witness fees as follows:

O. L. Jordan $ 1,425.00
H. L. Bass 1,275.00
H. Loren Willet 1,187.50
Lavelle Nunn
 (photographer) 285.12
Richard Crawford 450.00
 __________
 Total $ 4,022.62

The Highway Department contends the expert witness fees awarded are excessive. In several recent expropriation cases involving this same highway project, or other projects in the Jonesboro area, and involving most of the same witnesses, this court found similar fees to be excessive and reduced the awards of the district court. See State, Department of Highways v. DeJean, 322 So.2d 265 (La.App.2d Cir. 1975); State, Department of Highways v. Bounds, 319 So.2d 549 (La.App.2d Cir. 1975); State, Department of Highways v. United Pentecostal Church of Hodge, 313 So.2d 886 (La.App. 2d Cir. 1975) writ denied 318 So.2d 60 (La.1975); State, Department of Highways v. Whitman, 313 So.2d 918 (La.App. 2d Cir. 1975) writ denied 319 So.2d 443 (La.1975); State, Department of Highways v. Model Development Corporation, 322 So.2d 270 (La.App. 2d Cir. 1975); and State, Department of Highways v. Oil Mark Corporation, 324 So.2d 606 (La.App. 2d Cir. 1975).
Defendant argues the present case is different because the expert witnesses more precisely itemized and described the services rendered and the time involved, thereby substantiating the charges made by them.
Considering the evidence as to the services rendered by the expert witnesses, the value of the property taken and severance damages awarded, and the amounts allowed for expert witness fees in other similar cases recently before this court, we disallow the fee for the photographer and fix the expert witness fees as follows:

O. L. Jordan $ 700.00
H. L. Bass 700.00
Loren Willet 700.00
Richard Crawford 250.00

Decree
For the reasons assigned, the judgment of the district court is amended to reduce the amount awarded to defendant from *457 $34,746.75 to $3,362.80, and to fix the expert witnesses fees as set forth above. As amended, the judgment of the district court is affirmed.
Amended, and as amended, affirmed.
NOTES
[*] Price, J., dissented from denial to grant rehearing.

Hall, J., took no part in rehearing.