329 So.2d 898 (1976)
STATE of Louisiana, DEPARTMENT OF HIGHWAYS
v.
Allen Ross McDONALD.
No. 12870.
Court of Appeal of Louisiana, Second Circuit.
March 15, 1976.
Rehearing Denied April 19, 1976.
Writ Refused June 9, 1976.
*899 D. Ross Banister, William W. Irwin, Jr., Jerry F. Davis, Johnie E. Branch, Jr., Robert L. LeDoux, Barnard Malone, Baton Rouge, Jack C. Fruge, Sr., Ville Platte, for plaintiff-appellant.
Holloway, Baker, Culpepper & Brunson by William H. Baker, and Herman A. Castete, Jonesboro, for defendant-appellee.
Before PRICE, MARVIN and SMITH, JJ.
En Banc. Rehearing Denied April 19, 1976.
MARVIN, Judge.
The State appeals from a judgment awarding $54,244 for property expropriated for highway purposes under the quick-taking provisions of L.R.S. Title 48, for which property the State had deposited $21,615.00 as its estimate of just compensation. The landowner contends in answer to the appeal that the award should be increased. We amend the judgment below so as to modify the award and the amount allowed as expert witness fees and, as amended, affirm.
The property in question is a portion of a corner lot in Jonesboro about three blocks south of the Jackson Parish Courthouse on Highway 167. We have considered the appeal of several cases where property on this highway was expropriated along the approximate three-mile stretch from Jonesboro to Hodge.[1] The property under consideration is the southernmost of the several properties we have so far considered. In each case we have been favored with the appraisal testimony of Messrs. Carlock and Roy for the State, and of Messrs. Bass and Jordan, sometimes together with the testimony of Messrs. Monsur and Willett, for the respective landowner. We are again favored with the testimony of these six gentlemen.
Prior to the expropriation, the property comprised 15,000 square feet on which was situated a service station, a storage building and an apartment building. Reproduced here is a facsimile of the survey of the property showing the location, existence of improvements, and as shaded area, the portion expropriated, totalling 2,944.9 square feet.
*900 
Each of the appraisal witnesses used sales which they considered comparable to the subject property and adjusted these sales by various factors (time, location, similarity or disparity in use or topography, etc.). One comparable was a September 16, 1969, sale of property to Oil Mark Corporation for approximately 99 cents a square foot. We considered this property in State, Dept. of Highways v. Oil Mark Corp., 324 So.2d 606 (La.App.2d Cir. 1975), and found that the fair market value at the time of the expropriation was $1.80 a square foot. In Oil Mark, we assessed severance damages of $15,249.00 which included $3,000.00 as damage to the real estate remaining after the taking. The Oil Mark property, while not a *901 corner lot, is approximately two blocks north of the subject property.
We also note that the subject property is one block south of the property under consideration in Whitman. Whitman also involved a commercial corner lot. There, we approved or determined that the award should be on the basis of $1.75 a square foot for the property taken, a 30 percent depreciation to the remainder because of its reduction in size and limited use as commercial property, plus an amount for the value of the improvements condemned. There the property consisted of approximately 12,500 square feet before the taking, from which some 4,100 square feet were taken. Approximately 1/3 of the Whitman property was taken, while here approximately 1/5 of the subject property is taken.
The Bounds property was located about four blocks north of the subject property. There the property was considered as commercial and was a corner lot on Highway 167. We adopted the trial court's conclusions that the award should be determined on the basis of $2.00 a square foot, deducting therefrom a cost to fill the land to the grade of the highway. Severance damages were also there awarded, principally because the property was reduced in size by the taking from 7,500 square feet to 2,900 square feet.
In Oil Mark and in Model Development Corporation, we made specific comment as to the range of awards made or approved for expropriation of commercial property along Highway 167 in the Jonesboro-Hodge area. Those comments are appropriate here.
The trial court awarded $3.50 a square foot for the property taken; $25,854 for improvements taken and $18,032.85 severance damage. Expert witness fees allowed by the trial court totaled $12,650.52.
The State contends the trial court erred in valuing the land at $3.50 a square foot; in assessing severance damage and in allowing excessive expert witness fees. The landowner contends the awards should be increased and that the State's appeal should be held to be a frivolous appeal and attorney's fees therefor should be assessed against the State.
The several appraisers used the comparable sales or market data approach, using their professional experience in adjusting the sales, which they considered in varying degree to be comparable to the subject property. The service station and small storage house are to be (or were) removed from the property. Some concrete remaining on the portion of the property not expropriated will also have to be removed to make the property again suitable for commercial development.
The ultimate values assigned by the several appraisers were as follows:

 DEPRECIATED
 SQ. FT. VALUE OF DEPRECIATION
 VALUE IMPROVEMENTS FACTOR (%) SEVERANCE
 State 1 $1.95 $20,146.00 30 None
 State 2 $1.85 $18,163.00 36 None
Owner 1 $4.00 $30,397.00 30 $24,110.00
Owner 2 $3.00 $24,137.00 30 $16,028.00
Owner 3 $4.00 $40,495.00 331/3 $16,000.00
Owner 4 $3.00 $31,252.00 28 $10,849.00
Trial
Court
Award $2.81 $25,854.00 30 $18,032.85

*902 The service station building was approximately 35 years old. Prior to the taking, the property fronted only 44 feet on Pershing Highway (167) because of a triangular tract belonging to an adjoining landowner stood between the property and the highway. The triangular tract was expropriated by the state and after the taking the subject property will have 133 feet frontage on Pershing Highway. On Allen Avenue, the frontage will be reduced from 100 feet to 50 feet by the taking.
As in Kilpatrick, it is contended here that barrier curbs contemplated by the State along the proposed improved highway will grossly depreciate the remaining property and that severance damages of $18,032.15 should be approved. In Kilpatrick, we said:
"The evidence as to additional development costs and dimunition in value of the remaining property by virtue of the highway construction is somewhat speculative. Defendant's evidence is convincing, however, that there will be some dimunition in value of the remaining property by reason of limitation of access and additional development costs arising out of the taking and construction. In our judgment the sum of $2,500 will adequately compensate for severance damage." Kilpatrick, 327 So.2d 456 (1976).
On the authority of Kilpatrick and Oil Mark, it is our judgment that an adequate compensation for severance damage would be $3,000.00. On the authority of the cited cases and awards therein, and on the basis of the totality of the evidence herein, recognizing that each particular property in question must be valued on its own, it is our opinion that a just and adequate award for the property taken would be $2.10 a square foot. We do not disturb the itemization by the lower court as to its findings regarding the depreciated values assigned to the service station building ($23,058), the storage building ($900), the concrete ($1,496) and underground utilities ($400), which will be destroyed, ruined or removed by the taking. These items total $25,854.00. The judgment shall be amended accordingly.

EXPERT WITNESS FEES
As expert witness fees, the trial court awarded:

H. L. Bass $2,550
O. L. Jordan 2,424
Darrell V. Willet 2,675
Hab Monsur 2,900
Ronnie Terral 500
Don Barron 550
A. Ray Bond 300
Lavelle Nunn 451
Richard Crawford 300
 _______
TOTAL $12,650
_____ _______

In Kilpatrick, we observed:
"The Highway Department contends the expert witness fees awarded are excessive. In several recent expropriation cases involving this same highway project, or other projects in the Jonesboro area, and involving most of the same witnesses, this court found similar fees to be excessive and reduced the awards of the district court. [citing cases]
. . .
"Defendant argues the present case is different because the expert witnesses more precisely itemized and described the services rendered and the time involved, thereby substantiating the charges made by them.
"Considering the evidence as to the services rendered by the expert witnesses, the value of the property taken and severance damages awarded, and the amounts allowed for expert witness fees in other similar cases recently before this *903 court, we disallow the fee for the photographer and fix the expert witness fees as follows:

O. L. Jordan $700.00
H. L. Bass 700.00
Loren Willet 700.00
Richard Crawford 250.00"

For reasons expressed in the cited cases and considering the amounts awarded therein as expert witness fees, we disallow the fee of the photographer and amend the award of fees as follows:

H. L. Bass $ 750.00
O. L. Jordan 700.00
Darrell V. Willet 750.00
Hab Monsur 750.00
Ronnie Terral 325.00
Don Barron 350.00
A. Ray Bond 250.00
Richard Crawford 250.00
 _________
TOTAL $4,125.00
_____ _________

THE RECUSATION ISSUE
The trial judge is a defendant in two expropriation cases filed in Jackson Parish wherein the property expropriated abuts a state highway or state highways other than Highway 167, but which connect with Highway 167. The record indicates this property is essentially rural in nature as opposed to the urban or commercial nature of the Highway 167 area of construction. The State filed a motion to recuse on these grounds alleging an "interest" in the cause. La.C.C.P. Art. 151(5). Another judge of the same district heard and denied the motion because of the State's failure to meet the burden of proof.[2]
Art. 151(5) provides a judge may be recused when he is "interested in the cause." The "interest" of the judge sought to be recused insofar as the "cause" of the subject landowner is extremely remote. The State presented no evidence to show that this judge had employed in his cases the same attorneys or appraisers. The trial judge did volunteer that he had employed the same photographer to make pictures of his property affected by the expropriation suits. We know of no exact test, and we are not cited any, whereby an interest in the cause can be easily and readily determined. Each situation will have to be examined where "interest" is asserted. While the burden is on the litigant seeking recusation, interest in a cause may be inferred from other facts and circumstances. We find no error below in this respect.
We are certain that all of our esteemed and learned brethren of the bench are mindful of the need to uphold and enhance the dignity of the judiciary and bar in the eyes of our fellow citizens. We feel confident that in cases where there is truly an interest ". . . however remote and distant, sufficient to incite the tongue of the disappointed to the most unreasonable suspicion,"[3] the judge will recognize his interest, and in other cases where the interest does not exist but where it is plausible for the citizenry to infer that the judge has an interest in the cause, the judge will likewise recognize this and will always be guided by the high standards of his office.

*904 SUMMARY
Judgment below is amended to reduce the total amount awarded to $35,038.29 as just compensation and to fix the expert fees as above set forth.
Amended, and as amended, Affirmed.
NOTES
[1] See La.App.2d Cir. cases (1975): State, Dept. of Highways

v. United Pentecostal Church, 313 So.2d 886
v. Whitman, 313 So.2d 918
v. Bounds, 319 So.2d 549
v. DeJean, 322 So.2d 265
v. Model Development Corp., 322 So.2d 270
v. Oil Mark, 324 So.2d 606 (1976)
v. Kilpatrick, 327 So.2d 452 (1976)
[2] Recusation vel non, is interlocutory in nature and may be reviewable on appeal of a final judgment on the merits of the case. See Schwing v. Dunlap, 125 La. 677, 51 So. 684 (1910). The Code of Civil Procedure is silent as to the procedural means to achieve review of an order granting or denying recusation of a judge.
[3] Succession of Jan, 43 La.Ann. 924, 10 So. 6, 7 (1891).