PRICE, Judge.
The State of Louisiana through the Department of Highways has appealed from the judgment increasing the amount of just compensation due the defendant landowners in this expropriation proceeding. The State deposited the sum of $2,851 as the estimated compensation due the landowners because of the expropriation. The trial court increased this amount to the sum of $28,017.61, and awarded defendants $7,087.-36 for expert witness fees.
The original defendant, Louie C. Boss, died subsequent to the signing of the order of expropriation and his testamentary beneficiaries, Walton W. Reed and Louis W. Miller, were substituted as defendants.
The subject tract of land is in the northwest corner of the intersection of U. S. Highway 167 and First Street in the unincorporated area between Jonesboro and Hodge in Jackson Parish. The Department of Highways adopted a plan of improvements for U. S. 167 which required the expropriation of a triangular shaped area in the southeast corner of defendants’ property to provide for a sight flare at the intersection.
*702 According to the Department of Highways project survey map attached to its petition for expropriation, the defendants’ tract prior to the taking had a frontage of 101.3 feet along U. S. 167 and a depth of 141.33 feet along First Street. The northerly lot line running parallel to First Street has a depth of 135.27 feet. The portion of the property expropriated, as shown by the petition and attached exhibits, is triangular in shape with a frontage of 43.10 feet along U. S. 167, and 43.17 feet along First Street. The area taken comprises 926.8 square feet.
The issues in dispute on trial and appeal are:
1) The amount of land being taken by the Department of Highways.
2) The value of the land taken.
3) The amount of severance damages sustained by the remainder of the property because of the taking.
4) Whether the defendants are entitled to be awarded attorney fees.
5) The amount which should be awarded as expert witness fees to defendants.
AMOUNT OF LAND EXPROPRIATED
On trial of the merits, defendants sought to prove the Department of Highways appropriated 2,828.84 square feet of defendants’ property in excess of the 926.8 square feet provided in the order of expropriation. Defendants contend the Department of Highways has no recorded right-of-way to afford the Department a basis on which to claim a right of servitude beyond the paved edge of the highway. Therefore, they contend they should be compensated for the area lying between the western edge of the highway as originally paved, and the east line of their tract which is described as Lot 1, and the east 12.5 feet of the J. T. Stevenson addition to the village of Hodge. The trial court provided defendants compensation for 822 square feet in excess of the area shown in the order of expropriation.
The Department of Highways contends that the trial court was in error in allowing defendants this amount on the basis of the pleadings and evidence before it.
There were no responsive or affirmative pleadings concerning this question filed in the trial court by defendants. The issue was first brought out during the cross-examination of the project engineer for the Department of Highways. No independent survey or other evidence was offered by defendants. Under this procedural posture, and on the limited evidence in the record, the issue of appropriation of the disputed area cannot properly be determined. This question can be resolved in an appropriate proceeding. See State, Department of Highways v. Kilpatrick, 327 So.2d 452 (La.App. 2nd Cir. 1976).
Defendants are entitled only to be compensated for the 926.8 square feet taken by the expropriation judgment signed by the court.
VALUE OF LAND TAKEN
The trial court awarded the sum of $2.00 per square foot for the land taken. The Department of Highways contends this amount is excessive to the extent that it constitutes an abuse of the discretion vested in the trial court in determining the amount of just compensation to which a landowner is entitled in an expropriation proceeding. The Department of Highways argues that the trial court accepted the estimates of defendants’ appraisers as controlling although the comparables used by them to determine market value required a much greater adjustment to relate them to the subject property than the comparable sales relied on by the Department of Highways’ appraisers. Also, plaintiff contends the amount awarded is out of line with other cases in the same vicinity which have been reviewed by this court in which substantially lesser amounts were allowed for the value of property taken.
*703 Each case must necessarily be decided on its own particular circumstances, and the awards may vary based on the evidence presented in the record for review.
The defendants’ expert appraisers, Hab Monsour, O. L. Jordan, and H. L. Bass, found the land to have a market value of between $2.00 and $2.10 per square foot. Plaintiff’s appraisers, L. J. Roy and Dan Carlock, estimated the value of the land to be $1.20 per square foot. All agreed the highest and best use was for commercial purposes as now being used for a service station. The value of the improvements was stipulated to be $31,000.
Defendants’ appraisers used the recognized method of appraisal of the property by referring to other comparable sales in the vicinity, and gave proper weight to the advantages accruing to defendants property, including the location on a corner lot in the center of the commercial area between Jonesboro and Hodge. This court finds no abuse of the discretion accorded the trial judge in determining the market value of the property to be $2.00 per square foot.
SEVERANCE DAMAGES
The trial judge awarded defendants the sum of $23,120.96 for severance damages caused to their remaining property by the taking. The Department of Highways does not dispute the fact that some damage has occurred because of the taking, but contends the amount awarded was excessive, and the method used by the trial judge in calculating the damage was improper.
Although the land taken was not substantial in relation to defendants’ total property area, all experts agreed that the result of the construction when completed would impair the present use as a service station.
The plans of the Department of Highways call for a raised barrier curb around the perimeter of the sight flare which will have the effect of reducing defendants’ frontage on U. S. 167 from 101 feet to 57.93 feet. Access into the station from U. S. 167 will be restricted to one driveway near the northerly boundary of the property. Because of the position of the building as now situated, the barrier curb to be constructed in the curve of the intersection of First Street will prevent normal ingress and egress from this street into the front of the station.
On the basis of this evidence, the trial judge awarded severance damages of $23,-120.96. He applied a 40 per cent depreciation in market value to the remaining land and the stipulated value of improvements. Plaintiff contends this is not in accord with the testimony of the expert appraisers that only the improvements were damaged by the taking.
Defendants’ appraisers, Monsour, Jordan, and Bass, were of the opinion that the damage sustained was limited to the improvements only. Plaintiff is correct in its position in this regard.
Plaintiff’s appraisers, Carlock and Roy, calculated the cost of relocation of pump islands and added to this amount a depreciation on remaining improvements of 20 to 25 per cent to arrive at estimated severance damage of $7,027 and $8,073 respectively.
Defendants’ experts estimated the improvements to have been damaged from 50 to 75 per cent because of the taking and the impairment of access resulting from it.
We are of the opinion the preponderance of the evidence shows the building and related improvements have been damaged to the extent of 50 per cent. The stipulated value of total improvements is $31,000. From this should be subtracted the value of the concrete taken of $612, leaving a value of improvements damaged of $30,-388. Therefore, the severance damage sustained was $15,194.
ATTORNEY FEES
In awarding defendants’ attorney fees of $5,000, the trial judge relied on the provisions of Article 1, § 4 of the Louisi *704 ana Constitution of 1974 as authority for this award. By its own provisions, Article 14, § 35, the 1974 Constitution did not go into effect until January 1, 1975, and unless specifically provided for, its provisions have no retroactive effect on actions filed prior to its effective date. This action was filed on June 6, 1974, and is unaffected by the 1974 Constitution. The present provisions of LSA-R.S. 48:453(E), allowing attorney fees under prescribed circumstances in an expropriation proceeding, was not in effect at the time of the filing of this suit.
Therefore, no constitutional or statutory authority exists for allowing attorney fees in the time frame of this litigation even though it may appear the initial deposit made by the Department of Highways was grossly inadequate, and caused the landowners the necessity of employing counsel.
The subsequent amendment of pleadings by the defendants, and the trial of the matter after January 1, 1975, does not bring this issue under the provisions of the 1974 Constitution or LSA-R.S. 48:-453(E). The supplemental pleadings filed are related to or connected with the original action filed by plaintiff, and under the provisions of Louisiana C.C.P. Articles 1153 and 1155, a new independent cause of action has not been projected which would accord defendants the benefits of the Constitution and laws taking effect on January 1, 1975.
EXPERT WITNESS FEES
The trial court awarded the following expert witness fees in this matter:
H. L. Bass $1,800.00
O. L. Jordan 1,975.00
Hab Monsour 1,925.00
Lavelle Nunn 287.36
Art Caigle 550.00
Thomas D. Day 550.00
Plaintiff contends the amounts awarded by the trial judge, which are coincidental with the bill for services rendered the landowners, are excessive and should be reduced. This proceeding is one of a series of expropriation proceedings that have been reviewed recently by this court in the same area involving substantially the same witnesses, and in similar circumstances.
The instant case is very analogous to the issues involved in State, Department of Highways v. Oilmark, 324 So.2d 606 (La.App. 2nd Cir. 1975), involving a service station site on a corner lot in the immediate area with subject property. In Oilmark, we discussed the factors to be given consideration in fixing the fees of expert witnesses for the landowner in an expropriation proceeding, and found the amounts awarded by the trial court excessive. See also Department of Highways v. Kilpatrick, supra; Department of Highways v. McDonald, 329 So.2d 898 (La.App. 2nd Cir. 1976).
Defendants contend that the amounts awarded are justified as the Department of Highways’ experts, under cross-examination, testified they would have charged a landowner substantially what the defendants’ experts charged for performing the same services. This is a very persuasive argument in favor of the reasonableness of the charges. However, we do not feel this evidence is of itself sufficient to overcome the duty of the appellate court to approve fees which are in line with prior cases involving similar circumstances and commensurate with the amount of just compensation awarded.
The fees awarded are excessive and are reduced to the following amounts:
H. L. Bass $900.00
O. L. Jordan 900.00
Hab Monsour 900.00
Art Caigle 400.00
Thomas D. Day 400.00
*705 The fee for the photographer, Lavelle Nunn, is disallowed for the reasons given in Department of Highways v. Oil-mark, supra.
RECAPITULATION
The amount of just compensation to which the defendants are entitled is as follows :
926.80 square feet at $2.00 per square foot $ 1,853.60
Value of concrete taken 612.00
Severance damages 15,194.00
Total of property taken and severance damages $17,659.60
The judgment appealed from is therefore amended to reduce the total amount awarded as just compensation to the sum of $17,-659.60, and the expert witness fees are reduced to the amounts set forth above.
Amended, and as amended, affirmed.