MARVIN, Judge.
The State DOTD appeals a judgment awarding $32,524 to a landowner whose property was found to have been appropriated in small part by the widening or increasing the “flare” of the intersection of State Hwy. 542 with U.S. Hwy. 167.
The state reurges its exceptions of prescription and no right of action and further contends that evidence of severance damage should not have been allowed over its objection because such damages were not prayed for. The award included $20,000 for severance damage, $12,500 for loss of rental income from the store on the property, and $24 for the property taken. The state concedes that the “flare” of the intersection extends beyond its 30-foot right-of-way but bases its exceptions and defense on the contention that the flare has existed for many years, first as a gravel road and then as a blacktop road before plaintiff purchased the property in 1972, and that the blacktopping which occurred in 1979 was nothing more than a repaving or overlay of existing blacktop. Plaintiff filed his action in 1980.
The extent of the “taking” in 1979, if any, and the other issues essentially present questions of fact. We amend the judgment to reduce the award for the severance damage-loss of rentals from a total of $32,500 to $20,000, and affirm the amended judgment.
THE FACTS
This facsimile of the state’s plat shows the pertinent details:

*147

In 1936 the state acquired its 30 foot right-of-way north of the center line of Hwy. 542 from McMurray, then owner of the property. The triangle shows the total encroachment of the highway onto the property described in the deed by which plaintiff acquired the property in 1972.
When the 1979 blacktopping was done, traffic islands were installed in the roadway. This installation diverted all north-turning traffic onto the triangular area which before had been used in whole or in part by customers who purchased gasoline at the pump island on plaintiff’s property. Some of the area in front of the store had been privately concreted or blacktopped before 1979. Photographs show the contrast of the 1979 blacktop. While it is possible that some of the triangular encroachment occurred before 1972, the preponderance of the testimony of former owners and others familiar with the intersection is that the greater part of the taking occurred in the 1979 highway work.
Plaintiff’s expert calculated that 481 square feet are contained in the triangle. The value of this triangular tract was found to be $24. The state does not complain of this value, whether the property taken was 481 square feet or something less. This *148 taking was of the most critical part of the plaintiff’s property (within five feet of the pump island) and caused plaintiff’s tenant to cease selling gasoline and eventually to vacate the property.
The factual finding that a portion of plaintiff’s property was taken in 1979 resolves the issues raised by the state’s exceptions of prescription and no right of action. Plaintiff’s action is founded upon what was taken in 1979 and not upon what may have been taken before 1972. Plaintiff filed his action in 1980.
THE PLEADINGS
The landowner alleged that the state encroached upon his property by widening the highway and made it impossible for the property to be used for business purposes and particularly for a service station. His itemization included damage, to business and loss of rentals. The written report of plaintiff’s appraiser set forth the severance damage to the remainder. A copy of this report was given the state, before trial, and plaintiff’s counsel, in his opening statement before trial began, stated that severance damage was being claimed.
When the appraiser was testifying the state first objected that testimony about severance damage should not be allowed because “the plaintiff is claiming ... an encroachment and I don’t think that the law allows any severance damage for an encroachment.” The trial court properly overruled the objection, interpreting encroachment as used in plaintiff’s petition to allege a taking. After cross examining plaintiff’s appraiser, who acknowledged that the traffic islands in the roadway affected ingress and egress to the property, the state objected that the appraiser had “improperly appraised this property ... in regard to any type of before and after value.” The court noted, but did not sustain this exception. We find no error. Ingress and egress are factors which may be considered in determining severance damages. State, Department of Highways v. McDonald, 329 So.2d 898 (La.App. 2d Cir. 1976), writ ref.; State, Department of Highways v. Salter, 332 So.2d 308 (La.App. 2d Cir. 1976), writ ref. This objection was made after the appraiser had testified.
The landowner pleaded encroachment, which is a taking, and pleaded damage to the business which was being conducted on the property. • Reasonable minds could construe this “damage” as severance damage to the business property that plaintiff owned. A trial court has much discretion in interpreting what a plaintiff has alleged in order to determine what evidence is or is not admissible under the pleadings. See Townsend v. Cleve Heyl Chevrolet, 318 So.2d 618 (La.App. 2d Cir.1975).
LOSS OF RENTALS
Plaintiff testified he was leasing the property before 1979 on a month-to-month basis for $225 per month to a lessee who sold such things as fishing gear, bait, and gasoline. Some time after the taking, this lessee ceased renting the property. Plaintiff has since leased the store building for use as a residence, apparently at a lesser rent. The gasoline pumps have since been removed from the pump island. The trial court awarded $12,500 for “loss of rentals”. Plaintiff’s appraiser, however, considered the before and after value of the property used as rental property. While the appraiser made no mention of the actual difference in rent before and after the taking, we must find that the loss of rental was or should have been taken into consideration in assessing the 50 percent severance damage and should not have been duplicated in the loss of rental award.
DECREE
Accordingly, the judgment is amended to delete the award for loss of rentals ($12,-500). In all other respects, and as amended, the judgment is affirmed at appellant’s cost.