607 So.2d 8 (1992)
Mark Anthony GOODWIN, Plaintiff-Appellee,
v.
Georgiana Russo GOODWIN, Defendant-Appellant.
No. 24173-CA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1992.
*9 James L. Fortson, Shreveport, for plaintiff-appellee.
A. Richard Snell, Shreveport, for defendant-appellant.
Before MARVIN, HIGHTOWER and VICTORY, JJ.
HIGHTOWER, Judge.
Georgiana Goodwin complains of the trial court's denial of a motion to rescue the Honorable Gary A. Bowers of the First Judicial District Court. For the reasons hereinafter expressed, we dismiss the appeal.

Facts and Procedural Background
Mark Goodwin and defendant married in Cocoa Beach, Florida on February 10, 1975, and later established a matrimonial domicile in Caddo Parish. Their union produced two children. On May 10, 1990, when the husband sued for separation and joint custody of the minors, the youngsters became weapons in an ongoing acrimonious battle between the parents.
Nonetheless, an uncontested separation judgment, on November 12, awarded joint custody and named the mother primary caregiver. Later, on March 6, 1991, the father filed a rule for change of custodial status and child support, use of the former matrimonial domicile, contempt, and attorney's fees. Specifically, he alleged a pattern of being maligned, and even physically attacked, by the mother in the presence of the children, all events resulting in severe emotional trauma to the youths.
In September, an eight-day trial addressed the rule for modification of the earlier custody decree.[1] At its conclusion, Judge Bowers, in a written opinion dated September 18, 1991, expressly found that the best interest of the children demanded that the father be granted sole custody. Other determinations awarded Mr. Goodwin monthly child support of $303.64 and occupancy of the former matrimonial domicile. The mother appealed and, also, applied for supervisory writs. Although this court denied the writ application, Goodwin v. Goodwin, No. 23,705-CW (La.App. 2d Cir. November 7, 1991), a separate appeal remains pending as No. 24,588-CA.
Subsequently, on October 9, 1991, the father petitioned for a temporary restraining order, and preliminary and permanent injunctions against the mother. Specifically, his pleadings alleged that Mrs. Goodwin harassed school officials in the presence of the children, an activity which resulted in the educational institution's objection to the mother appearing on its property.
Among her other reactions to the injunctive petition, the mother moved to recuse Judge Bowers, alleging bias and prejudice. In support of that effort, she relied upon the following language which appeared in the earlier written opinion:
Mr. Goodwin contends that Ms. Goodwin's conduct since December 1990 constitutes contempt of Court. The evidence in this case is replete with incident after incident where Ms. Goodwin continued to harass and aggravate Mr. Goodwin. Inasmuch as [her] conduct is the primary factor considered by this Court in modifying the prior custody order, and consequently, [her] reprehensible conduct has in a sense resulted in a de facto penalty already, the Court is not going to additionally hold Ms. Goodwin in contempt and impose a jail sentence notwithstanding the fact that same is probably warranted. Having said that, Ms. Goodwin *10 would be well advised that should any future incidents occur, should there be any further harassment of Mr. Goodwin or these children, then in that event, this Judge will deal with Ms. Goodwin's conduct by imposing a serious jail sentence and monetary fines.... Should there be further violations of the harassment injunction by Ms. Goodwin, and should these violations be established in Court, Ms. Goodwin will get the attitude adjustment she apparently needs. [Emphasis added.]
After a hearing on October 17, 1991, Judge Robert P. Waddell orally denied the motion to recuse. Later that day, Judge Bowers ruled on the petition for preliminary injunction, granting the relief requested by plaintiff.
Defendant then, on November 12, applied for supervisory review of the recusal decision, before either the formal preliminary injunction judgment or the written judgment denying the motion to recuse appeared of record, respectively, on November 20 and December 19. In a writ disposition, Goodwin v. Goodwin, No. 23,898-CW (La.App. 2d Cir. January 22, 1992), this court stated:
After reviewing the writ application, we find no palpable error in the trial court's decision denying the motion to recuse. Accordingly, the writ application is denied.
Defendant now devolutively appeals that same trial court ruling, the denial of recusal.

Discussion
Plaintiff asserts in his brief that, in view of our earlier writ decision, the issue on appeal is not subject to reconsideration. We disagree. A denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and does not bar reconsideration of, or a different conclusion on, the same question when appeal is taken from final judgment. State v. Fontenot, 550 So.2d 179 (La.1989); State v. Smith, 322 So.2d 197 (La. 1975); Gulf States Utilities Co. v. Dixie Elec. Mem. Corp., 248 La. 458, 179 So.2d 637 (1965). See also Tate, Supervisory Powers of the Louisiana Courts of Appeal, 38 Tul.L.Rev. 429, 448-449 (1964).
Nevertheless, in her present appeal, defendant complains only of the lower court's refusal to recuse Judge Bowers, a ruling that merely determined a preliminary matter and hence is clearly interlocutory in nature. LSA-C.C.P. Art. 1841; State, Dept. of Hwys. v. McDonald, 329 So.2d 898 (La.App. 2d Cir.1976), writ refused, 332 So.2d 797 (La.1976); Long v. ABC Ins. Co. or Companies, 462 So.2d 252 (La.App. 4th Cir.1984), writ denied, 463 So.2d 604 (La.1985); Spangenberg v. Yale Materials Handling-La., 407 So.2d 1270 (La.App. 4th Cir.1981), writ denied, 412 So.2d 1096 (La.1982). Of course, an appeal from an interlocutory judgment lies only when irreparable injury would otherwise occur. LSA-C.C.P. Art. 2083; Long, supra. See also Fleniken v. Allbritton, 566 So.2d 1106 (La.App. 2d Cir.1990); Women's Clinic v. Watson, 550 So.2d 864 (La.App.2d Cir.1989). Additionally, the standard for determining if irreparable injury would transpire from an interlocutory judgment is whether, as a practical matter, an error may be corrected on appeal following determination of the merits. Women's Clinic, supra; Reilly v. State, 533 So.2d 1341 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1219 (La.1989).
In the case sub judice, defendant has demonstrated no irreparable injury, and indeed has not even argued that such harm ensued. Furthermore, we conclude that any error clearly could have been corrected on appeal. See LSA-C.C.P. Art. 3612; Ormond Country Club v. Dorvin Developments, 498 So.2d 144 (La.App. 5th Cir.1986), writ denied, 500 So.2d 423 (La. 1987), indicating that the granting of preliminary injunction, while interlocutory, is nevertheless appealable as a matter of right. Nonetheless, and very importantly, defendant chose not to appeal the judgment *11 granting the preliminary injunctive relief.[2]
Accordingly, we are constrained to find that an appeal of this matter is not properly before us.

Conclusion
For the reasons expressed, at defendant's cost, the appeal is dismissed.
APPEAL DISMISSED.
NOTES
[1] Earlier, on June 20, 1991, the district court rendered an absolute divorce in accordance with plaintiff's petition for such relief.
[2] Parenthetically, however, nothing in the record of the merits trial concerning the preliminary injunction suggests an improper ruling on the motion to recuse. See Pierce v. Charity Hosp. of La., 550 So.2d 211 (La.App. 4th Cir. 1989), writ denied, 551 So.2d 1341 (La.1989), for a discussion of the parameters applied in determining recusation. Certainly, a judge's strong, direct language, warning a party against future contempt and the consequences thereof, falls far short of illustrating bias or partiality.