673 So.2d 1175 (1996)
Elton DEVILLE, Plaintiff-Appellant,
v.
Gina Rush CALOGERO and Louis Mann, Defendant-Appellee.
No. 96-162.
Court of Appeal of Louisiana, Third Circuit.
April 24, 1996.
Elton Deville, pro se.
Gina Rush Calogero, pro se.
Before DOUCET, KNOLL and COOKS, JJ.
KNOLL, Judge.
This court issued a rule to show cause to the plaintiff-appellant, Elton Deville, why the above captioned appeal should not be dismissed on the ground that the judgment was a nonappealable interlocutory ruling. We hereby dismiss the appeal.
The plaintiff filed this petition for damages against the defendants, Gina Rush Calogero and Louis Mann, on August 25, 1994. On August 23, 1995, plaintiff filed a motion and order to recuse the trial judge. The motion to recuse was heard on November 27, 1995. The trial judge, appointed to hear the motion to recuse, denied the motion. On November 29, 1995, plaintiff filed a motion and order for appeal from the denial of the motion to recuse. The record was lodged with this court on February 5, 1996. On February 6, 1996, this court issued a rule to show cause why the above captioned appeal should not be dismissed as a nonappealable interlocutory ruling.
The denial of the motion to recuse is an interlocutory ruling which is not appealable unless irreparable injury occurs. In Goodwin v. Goodwin, 607 So.2d 8 (La.App. 2 Cir.1992), the court stated as follows:

*1176 Nevertheless, in her present appeal, defendant complains only of the lower court's refusal to recuse Judge Bowers, a ruling that merely determined a preliminary matter and hence is clearly interlocutory in nature. LSA-C.C.P. Art. 1841; State, Dept. of Hwys. v. McDonald, 329 So.2d 898 (La.App. 2d Cir.1976), writ refused, 332 So.2d 797 (La.1976); Long v. ABC Ins. Co. or Companies, 462 So.2d 252 (La.App. 4th Cir.1984), writ denied, 463 So.2d 604 (La.1985); Spangenberg v. Yale Materials Handling-La., 407 So.2d 1270 (La.App. 4th Cir.1981), writ denied, 412 So.2d 1096 (La.1982). Of course, an appeal from an interlocutory judgment lies only when irreparable injury would otherwise occur. LSA-C.C.P. Art. 2083; Long, supra. See also Fleniken v. Allbritton, 566 So.2d 1106 (La.App. 2d Cir.1990); Women's Clinic v. Watson, 550 So.2d 864 (La. App. 2d Cir.1989). Additionally, the standard for determining if irreparable injury would transpire from an interlocutory judgment is whether, as a practical matter, an error may be corrected on appeal following determination of the merits. Women's Clinic, supra; Reilly v. State, 533 So.2d 1341 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1219 (La.1989).
In the present case, we find no irreparable injury, therefore the ruling complained of is nonappealable. For these reasons, the appeal is dismissed at plaintiff's cost.
APPEAL DISMISSED.