IzCANNELLA, Judge.
Plaintiff, Hershel Langley, appeals a judgment dismissing his claim against his employer, Bechtel Company, for workers compensation benefits. We stay the appeal and remand for a hearing on the motion to re-cuse.
Plaintiff filed a disputed claim for compensation on September 21, 1995 for an alleged job injury. On April 15,1996, plaintiff filed a motion to recuse the hearing officer, Glynn Voisin, on the basis that he had a conflict because he was also the Acting Director of the Department of Labor for the State of Louisiana. The hearing officer denied the motion ex parte. The rules of the Office of Workers’ Compensation Administration, provide for disqualification of a hearing officer in La. Admin. Code, Tit. 40, Part I, Chap. 21, Sec. 2151, as follows:[1]
Any party who feels that he cannot receive a fair and impartial hearing from the Workers’ Compensation Judge to whom the matter is assigned shall make written motion requesting such Workers’ Compensation Judge to withdraw from the case. That application must set forth specific grounds in accordance with Louisiana Civil Code of Procedure Article 151. The Workers’ Compensation Judge |3may withdraw without further proceedings and immediately refer the matter to the Workers’ Compensation Chief Judge for reassignment; otherwise, the motion shall be heard at a contradictory hearing before the Workers’ Compensation Chief Judge or a designee of the Chief Judge.
On December 2, 1996, the merits of the claim were tried before the hearing officer and the case was taken under advisement. Judgment was rendered on January 6, 1997 in favor of defendant.
On appeal, plaintiff asserts several errors. However, because of our findings herein, we will at this time only address the error related to the motion to recuse. Plaintiff alleges that the hearing officer erred in denying ex parte the motion to recuse.
The motion to recuse states that the hearing officer’s position as Acting Director of the Louisiana Department of Labor created a conflict of interest with his position as the hearing officer presiding over plaintiff’s case. The denial of a motion to recuse is a preliminary matter and thus, is an interlocutory ruling which is not appealable in the absence of irreparable injury. Deville v. Calogero, 96-162 (La.App. 3 Cir. 4/24/96); 673 So.2d 1175, 1176; Goodwin v. Goodwin, 607 So.2d 8, 10 (La.App. 2 Cir.1992) and cases cited therein. The standard for determining *892 whether irreparable injury would result from an interlocutory judgment is whether, as a practical matter, an error may be corrected on appeal following determination of the merits. Id. at 10. We find that the issue of whether the hearing officer should be re-cused is appealable because there is irreparable injury in this case. The motion was denied without a hearing. Thus, we have no evidence to review the merits of the denial. Further, under the rules for the Office of Workers’ Compensation Administration, the hearing officer had no authority to deny the motion ex parte.
The rule makes it mandatory for the[1] hearing officer assigned to the case to refer the motion to the Workers’ Compensation Chief Judge or a designee for a contradictory hearing. It does not allow the hearing officer, being asked to recuse himself, to deny the motion ex parte. Since plaintiff was entitled to a ^contradictory hearing on the motion to recuse and for this hearing to be held before the Workers’ Compensation Chief Judge or his designee, we must stay the appeal, pending the hearing and judgment. We remand for that purpose.
Accordingly, we hereby remand the case and order that a contradictory hearing be held on the motion to recuse before the Workers’ Compensation Chief Judge or a designee, in accordance with H.R. 2151. Further, the appeal is hereby stayed pending a judgment on the motion to recuse.
APPEAL STAYED; CASE REMANDED.

. Cited by the Office of Workers’ Compensation Administration as H.R. (Hearing Rule).