# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 05-322

**FIRST FAMILY FINANCIAL SERVICES, INC.**

**VERSUS**

**RON CEASAR**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
CITY COURT OF LAKE CHARLES
PARISH OF CALCASIEU, DOCKET NO. 99-3035
HONORABLE JOHN S. HOOD, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Marc T. Amy, Judges.

**APPEAL DISMISSED.**

Ron Ceasar
In Proper Person
P.O. Box 715
Oberlin, Louisiana 70655

**COOKS, Judge.**

The Plaintiff, Ron Ceasar, appeals the trial court dismissal of his Motion to Annul Judgment. Because we find the trial court ruling is an interlocutory, non-appealable ruling, we hereby dismiss the appeal.

### STATEMENT OF THE CASE

On December 29, 1999, First Family Financial Services (First Family) obtained a default judgment against Ron Ceasar in the amount of $3,520.87. The loan was secured by a Dodge Colt automobile and a Compaq Persario computer. On February 16, 2000, in response to a judgment debtor rule, Mr. Ceasar filed a document entitled "Answer." In the Answer, he acknowledged the indebtedness to First Family. However, he contends the debt has been satisfied because First Family has possession of the automobile and the insurance proceeds on the stolen computer. Paragraph One of the Answer provides, in relevant part:

> This is a secured loan with First Family and the collateral items are a computer and 1988 Dodge Colt. Plaintiff has no other rights. Plaintiff already has the title to the car which was never retrieved from the full payment of the defendant's first loan. The computer was stolen from defendant's residence while moving on March 8, 1999 but was insured by defendant, First Family and [it] does have a right to collect the insurance proceeds from the theft. These are the only secured rights of the plaintiff and defendant objects to any other assertion. The car in question is located at 2215 Cline St., Lake Charles, Louisiana.

On November 12, 2003, Mr. Ceasar, in proper person, filed another document entitled "Motion and Order for Nullity of Judgment." In this pleading, Mr. Ceasar asserts he was not properly served with the petition which forms the basis of the default judgment. Additionally, Mr. Ceasar again asserts First Family has received full payment on the debt. Mr. Ceaser submitted into the record a copy of a letter which he sent to First Family marked "Not Deliverable as Addressed, Unable to Forward." Apparently, First Family is no longer in business and left no forwarding

2

address.

Because Mr. Ceasar's pleading was entitled a "Motion" for Nullity, on January 31, 2005, the city court judge set Mr. Ceasar's motion for a hearing. First Family had never been served with the documents and was not present in the courtroom. At the conclusion of the hearing, which consisted of a dialogue between the judge and Mr. Ceasar, the city court judge denied the motion. In Reasons for Judgment, the trial court found:

> This matter is not properly before the court in that the original plaintiff in this case, First Family Financial Services, Inc., has not been served with the petition to annul judgment which is the action before the court today. The return of the deputy marshal of December 20, 2004 shows that the original plaintiff (defendant in the motion to annul) "have closed or went out of service." The petition to annul judgment was returned unserved. The plaintiff in the motion to annul should have then served the defendant through the Secretary of State under the Code of Civil Procedure Article 1262.

> The original defendant, Mr. Ron Ceasar, at the hearing on the motion to annul never offered any testimony under oath to overcome the presumption of correctness of the return in the original proceeding. Mr. Ceasar did not subpoena the deputy marshal who made the original service. The court had no basis on which to rule that, by clear and convincing evidence, the defendant had overcome the presumption of validity attached to the serving officer's return of the citation showing personal service.

> The motion to annul must be denied until such time as service of the "Petition to Annul" is properly made on "First Family Financial Services, Inc." or their successor.

A judgment and order for appeal was signed by the trial court. For the reasons assigned below, we dismiss the appeal.

## LAW AND DISCUSSION

An appeal may be taken from a final judgment or an interlocutory judgment that causes irreparable injury. La.Code Civ.P. art. 2083. A final judgment is one that decides the merits of an action in whole or in part. La.Code Civ.P. art. 1841. The trial court denied Mr. Ceasar's Motion to Annul on the basis that no service of

3

process had been obtained on First Family. This ruling neither decides the merits of the case in whole or in part. Accordingly, the ruling is interlocutory. *Deville v. Calogero*, 96-162 (La.App. 3 Cir. 4/24/96), 673 So.2d 1175. *See also Goodwin v. Goodwin*, 607 So.2d 8 (La.App. 2 Cir. 1992). Since we find the ruling of the trial court causes no irreparable injury, no appeal lies from the ruling. Therefore, we hereby dismiss the instant appeal.

**APPEAL DISMISSED**.