NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-337

MELISSA LANDRY TRIMBLE
VERSUS
DAVID RICHARD TRIMBLE

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 112232
HONORABLE CHARLES PORTER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

APPEAL DISMISSED.
APPELLANT PERMITTED TO FILE AN
APPLICATION FOR SUPERVISORY WRITS.

Melissa Landry Trimble
In Proper Person
1612 Tarleton Street
Jeanerette, LA 70544
Appellant

David Richard Trimble
In Proper Person
LSP - Main Prison
West/Walnut-2
Angola, LA 70712
Appellee

PICKETT, Judge.

On March 22, 2010, this court issued a rule *sua sponte* ordering the appellant to show cause, by brief only, why the instant appeal should not be dismissed as having been taken from a non-appealable, interlocutory order denying a motion to recuse. For the reasons assigned below, we dismiss the appeal, but we grant the appellant time within which to perfect a properly documented application for supervisory relief with this court.

This case arises from a community property dispute. In the course of these proceedings, the pro se defendant-appellant filed a motion to recuse the trial judge. The motion to recuse was orally denied in open court on December 16, 2009. The appellant filed his motion for appeal on December 28, 2009. On January 4, 2010, the trial court granted the appeal. The record in this appeal was lodged on March 17, 2010. As stated above, on March 22, 2010, this court issued a rule for the appellant to show cause by April 6, 2010 why the appeal should not be dismissed. Despite the rule being delivered by certified mail on March 23, 2010, this court has not received a response from appellant.

We find that the ruling at issue, denying a motion to recuse, is an interlocutory ruling that is not appealable. La.Code Civ.P. art. 1841. The proper procedural device for seeking appellate review is an application for supervisory writs. La.Code Civ.P. art. 2083. *Deville v. Calogero*, 96-162, (La.App. 3 Cir. 4/24/96), 673 So.2d 1175. Therefore, we hereby dismiss the appeal at appellant's cost.

However, we find that since the appellant filed a motion for an appeal within the time delays for seeking supervisory writs, justice demands that we

1

afford the appellant time within which to file a supervisory writ application with this court.  *See Stelluto v. Stelluto*, 05-74 (La. 6/29/05), 914 So.2d 34. Accordingly, the appellant is hereby permitted to file a proper application for supervisory writ in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than May 28, 2010.  The appellant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4–3, as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED.  APPELLANT  PERMITTED  TO FILE  AN APPLICATION FOR SUPERVISORY WRITS.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.