NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 22-479

CRYSTAL MOORE

VERSUS

CHRISTOPHER P. MOORE

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2005-8419-B
HONORABLE GEORGE C. METOYER, JR., AD HOC JUDGE

**********

ELIZABETH A. PICKETT

JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and D. Kent Savoie, Judges.

APPEAL DISMISSED.
APPELLANT PERMITTED TO FILE
APPLICATION FOR SUPERVISORY WRITS.

**Michael Hathorn Davis**
**Attorney at Law**
**2017 MacArthur Drive, Building 4, # A**
**Alexandria, LA 71301**
**(318) 445-3621**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Christopher P. Moore**

**Crystal Bibbee f/k/a Crystal Moore**
**245 Danielle Drive**
**Benton, LA 71006**
**IN PROPER PERSON**

**PICKETT, Judge.**

On July 21, 2022, this court issued a rule ordering Appellant-Plaintiff, Crystal Moore, to show cause, by brief only, why the instant appeal should not be dismissed for having been taken from a non-appealable, interlocutory judgment. For the reasons that follow, we dismiss the appeal.

Appellant filed a Motion for Judicial Recusal, seeking to recuse Judge William J. Bennett. The Louisiana Supreme Court assigned Judge George C. Metoyer, Jr. as judge ad hoc for the purpose of hearing and disposing of the motion. Following a hearing on May 16, 2022, the motion was denied. A written judgment was signed on June 11, 2022, and notice of judgment was mailed to the parties that same day.

Appellant filed a Motion for Appeal of Motion to Recuse on June 8, 2022, seeking an appeal from the May 16, 2022 judgment. When the record was lodged in this court, a rule to show cause was issued to Appellant to show cause, by brief only, why the appeal of the judgment denying the motion to recuse should not be dismissed for having been taken from a non-appealable, interlocutory ruling. This court noted in *Deville v. Calogero*, 96-162, p. 2 (La.App. 3 Cir. 4/24/96), 673 So.2d 1175, 1175, that "[t]he denial of the motion to recuse is an interlocutory ruling which is not appealable unless irreparable injury occurs."

Appellant timely filed a brief in this court, asserting therein that the judgment is appealable under La.Code Civ.P. art. 2083(A). Article 2083(A) provides that "[a] final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814." Appellant, however, did not address in her brief the fact that a ruling on a motion to recuse is a non-appealable, interlocutory judgment. In the absence of irreparable injury, we find that the ruling complained of is non-appealable.

The judgment at issue was signed on June 11, 2022, and Notice of Judgment was issued to the parties that same day. Although Appellant did not seek review of

the trial court's ruling via supervisory writs, she filed a motion to appeal on June 8, 2022, within the thirty-day time period allowed for the filing of an application for supervisory writs. Uniform Rules—Courts of Appeal, Rule 4−3. In the interest of justice, this court may permit a party to file a writ application when a motion for appeal is filed within thirty days of the trial court's ruling. *Rain CII Carbon, LLC v. Turner Industries Group, LLC*, 14-121 (La.App. 3 Cir. 3/19/14), 161 So.3d 688. Accordingly, we exercise our discretion and construe the motion to appeal as a notice of intent to file for supervisory writs. The devolutive appeal in docket number 22-479 is hereby dismissed, and Appellant is given until September 30, 2022, to file a properly documented application for supervisory writs pursuant to Uniform Rules—Courts of Appeal, Rule 4−5.

**APPEAL DISMISSED.**
**APPELLANT PERMITTED TO FILE APPLICATION FOR SUPERVISORY WRITS.**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.